UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
26-mj-104 (DJF)

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Berger, being duly sworn, do hereby state as follows:

### EXECUTIVE SUMMARY

A criminal complaint for this defendant was previously submitted to Magistrate Judge Dulce J. Foster on January 30, 2026 date. The government is resubmitting this affidavit with the revisions tracked in redline.

### INTRODUCTION & AGENT BACKGROUND

1. I am Special Agent with the U.S. Homeland Security Investigations, Department of Homeland Security (HSI) and have been so employed since September 2009. I am a graduate of the Federal Law Enforcement Training Center, which consisted of the Criminal Investigator Training Program, and U.S. Immigration and Customs Enforcement Special Agent Training.

2. Prior to working with HSI, I was employed as a U.S. Customs and Border Protection Officer for approximately four years. During my career, I have conducted and participated in multiple investigations involving the unlawful importation and the distribution of controlled substances, the assault and hinderance of federal officers while engaged in the performance of their official duties, fraud and identity theft violations, export violations, financial crimes, illegal alien smuggling and various immigration violations. During these investigations, I have conducted physical surveillance, executed arrest and search warrants, reviewed tape-recorded conversations, and personally interviewed numerous sources of information as well as confidential sources.

3. This affidavit is submitted for the limited purpose of establishing probable cause in support of issuing a complaint and arrest warrant for Elizabeth ROSE (XX/XX/1984) for forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a law enforcement officer engaged in the performance of official duties, in violation of Title 18, United States Code, Section 111(a).. ).[1]

---

[1] "[A]ssaulting a federal employee is a general-intent crime." *United States v. Gustus*, 926 F.3d 1037, 1040 (8th Cir. 2019).

4. This affidavit is based on my personal knowledge, as well as information I have learned from other law enforcement officers and the review of reports, written materials, and recordings at the writing of this affidavit. This affidavit does not include all the details I have learned regarding this investigation. Rather, it only includes information believed to be sufficient to establish probable cause.[2]

## PROBABLE CAUSE

5. On January 21, 2026, at approximately 1400 hours, agents and officers with the United States Border Patrol (USBP) and Customs and Border Protection Agents (BPAs) were conducting roving immigration enforcement operations in the Minneapolis area. The agents were divided into two teams—Alpha and Bravo.

---

[2] "[P]robable cause may be based on the collective knowledge of all law enforcement officers involved in an investigation and need not be based solely upon the information within the knowledge of the officer on the scene if there is some degree of communication" between officers. *United States v. Horne*, 4 F.3d 579, 585 (8th Cir. 1993); *see also United States v. Spratt*, 141 F.4th 931, 936 (8th Cir. 2025) (same). In such cases, whether the affiant's knowledge is "first-hand" is "irrelevant" to the probable-cause analysis. *Horne*, 4 F.3d at 585; *see also United States v. Dan Thanh Nguyen*, No. 06-cr-192, 2006 WL 3486993, at *6-8 (D. Minn. Dec. 4, 2006) ("[T]he information in an Affidavit need not be based on the personal knowledge of the affiant."), *aff'd sub nom.*, *United States v. Nguyen*, 526 F.3d 1129 (8th Cir. 2008).

6. During their operation, agitators in multiple cars began following the BPAs in the Alpha Team car. As the Alpha Team BPAs tried to lose the cars that followed them, they encountered the Subject Vehicle driven by ROSE. ROSE drove the Subject Vehicle down a narrow side street, toward the Alpha Team car, and stopped, preventing the Alpha Team's car from moving forward.

7. The driver of Alpha Team's car motioned for ROSE to move the Subject Vehicle and stop impeding the officers. ROSE ignored the BPA's commands.

8. In the meantime, two additional vehicles driven by agitators arrived in the area further attempting to obstruct and impede the Alpha Team BPA vehicle. One car pulled behind ROSE and parked perpendicular to her and the street. The other agitator pulled behind the Alpha Team vehicle, trapping them in.

9. The BPAs in the Bravo Team vehicle drove around the cars obstructing the road and parked behind the Subject Vehicle.

10. The BPAs in the Alpha Tema car got out of their car, approached the Subject Vehicle, and warned ROSE to stop impeding federal officers. In response, ROSE placed the Subject Vehicle in reverse

and struck Bravo Team's vehicle which was parked behind her and occupied by BPAs.

11. The BPAs ordered ROSE and the passenger out of the Subject Vehicle multiple times, but ROSE and the passenger refused the officers' commands to step out of their car.

12. The BPAs broke the driver's side window of the Subject Vehicle and unlocked the car. The BPAs removed ROSE and the passenger from the Subject Vehicle and placed ROSE under arrest for violating Title 18, United States Code, Section 111(a).

## CONCLUSION

13. Based on the information set forth above, there is probable cause to believe that defendant Elizabeth ROSE forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with officers in performance of their official duties, in violation of Title 18, United States Code, Section 111(a).

Further your Affiant sayeth not.

_____
Richard Berger
Special Agent, HSI

SUBSCRIBED and SWORN before me
by reliable electronic means via FaceTime
and email pursuant to Fed. R. Crim. P. 41(d)(3) on
January 30, 2026

_____
DULCE J. FOSTER
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MINNESOTA