UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 26-mj-104-NEB-EMB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Elizabeth Rose, | |
| Defendant. | |

Before the Court is the Government's motion to dismiss, under Federal Rule of Criminal Procedure 48(a), the misdemeanor information it filed against Defendant Elizabeth Rose. (Dkt. No. 19.) Ms. Rose does not oppose the motion. (Dkt. No. 23.) Considering the motion under 28 U.S.C. § 636 and Local Rule 72.1(a)(3)(A), I recommend that the misdemeanor information be dismissed without prejudice for the reasons below.

## I. Background

On January 30, 2026, the Government charged Ms. Rose by misdemeanor information with one count of violating 18 U.S.C. § 111(a). (Dkt. No. 12.) Ms. Rose was scheduled for arraignment on the information on March 2, 2026. (Dkt. No. 17.) But a few days before that, on February 28, the Government filed the instant motion to dismiss. (Dkt. No. 19.) The scheduled arraignment was therefore canceled. (Dkt. No. 20.) The Government now brings this unopposed motion.

## II.   Discussion

Rule 48(a) provides that "the government may, with leave of court, dismiss an . . . information." Generally, "a dismissal with leave of court is considered to be without prejudice" and therefore "does not bar subsequent prosecution for criminal acts described in that [information]." *United States v. DeMarrias*, 487 F.2d 19, 21 (8th Cir. 1973). But the Rule's leave-of-court requirement serves "'to protect a defendant from prosecutorial harassment, *e.g.*, charging, dismissing, and recharging." *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1012 (8th Cir. 2001) (quoting *Rinaldi v. United States*, 434 U.S. 22, 20 n.15 (1977)). When, as here, a defendant consents to dismissal, the leave-of-court requirement calls on the Court to assess "whether the government's motion is contrary to manifest public interest because it is not based in the prosecutor's good faith discharge of his duties." *Id.* at 1013.

Here, the Government offers no reason for its dismissal request in its bare-bones motion. But Ms. Rose states that "there is no evidence that the government's motion is not made in good faith." (Dkt. No. 23 at 2.) In a footnote, she indicates that any risk of prosecutorial harassment through recharging is mitigated by her ability to seek dismissal of a subsequent charge on the ground that this dismissal should have been with prejudice. (*Id.* at 2, n.1 (citing *United States v. Oliver*, 950 F.3d 556 (8th Cir. 2020).) She therefore consents to dismissal without prejudice here. (*Id.* at 1, 2.)

2

Neither party addresses whether the Government bears the burden of providing a factual basis for dismissal under Rule 48(a) or whether, instead, the Court should presume that the Government seeks dismissal in good faith. There is no binding authority from the Eighth Circuit on the question. Other courts addressing the issue have held that "the better practice is for the government to state its reasons for seeking dismissal contemporaneously with its motion to dismiss under Rule 48(a)" but that it is not required to do so and a "presumption of good faith" applies. *See United States v. Dyal*, 868 F.2d 424, 428 (11th Cir. 1989) (citing cases); *United States v. Suazo*, 14 F.4th 70, 73, 75 (1st Cir. 2021) (discussing application of rebuttable presumption of good faith); *United States v. Palomares*, 119 F.3d 556 (7th Cir. 1997) (affirming when district court determined government "is entitled to the presumption that its motions to dismiss are grounded in good faith" and rebuttal requires government to "bear[] the burden of persuading the court that the reasons for the proposed dismissal are substantial.")

I apply a presumption of good faith to the Government's motion. I find nothing in this record suggesting that the prosecutors failed to act in good faith such that dismissal without prejudice would be "contrary to manifest public interest." *Jacobo-Zavala*, 241 F.3d at 1012 (quoting *Rinaldi*, 434 U.S. at 20 n.15). I therefore recommend that this Court grant the Government's motion to dismiss without prejudice under Rule 48(a).

## RECOMMENDATION

Based on the foregoing and the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1. The Government's Motion to Dismiss (Dkt. No. 19) be GRANTED; and

2. The misdemeanor information (Dkt. No. 12) be DISMISSED without prejudice.

Date: March 4, 2026

*s/Elsa M. Bullard*
Elsa M. Bullard
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).